IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00905-PAB

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,
subscribing to policy number TBF0747806QDC010, as subrogee of Allegro Freight
Services, Ltd.,

       Plaintiff,

v.

MACHINERY MANAGEMENT, LLC, an Illinois corporation,
ALG GLOBAL LOGISTICS, INC., a Canadian corporation,
DLX SERVICES, a California corporation,
PLI LOGISTICS, INC., a California corporation,
COSCO CONTAINER LINES AMERICA, INC., a New Jersey corporation,
ACS LINES, a New Jersey corporation, and
UTC OVERSEAS, INC., a Florida corporation,

       Defendants.

_____

## ORDER REMANDING CASE TO STATE COURT
_____

      This state-law tort and contract case is before the Court on review of defendant

COSCO Container Lines America, Inc.'s ("COSCO") notice of removal, which claims

that the Court has subject-matter jurisdiction based on diversity of citizenship and an

amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332(a).  *See*

Notice of Removal [Docket No. 1] at 1, ¶¶ 10-12.

      In every case and at every stage of a proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d

1289, 1297, 1301 (10th Cir. 1980).  Generally, a party may remove "any civil action

brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [and] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . ." 28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction

is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. COSCO's notice of removal makes the following allegations regarding the citizenship of the various parties to this case:

- Plaintiff, Certain Underwriters at Lloyds, London, subscribing to Policy No. TBF0747806QDC010, as subrogee of Allegro Freight Services, Ltd., is a property and casualty insurer domiciled in a foreign state.

- COSCO is incorporated in New Jersey.

- Defendant Machinery is incorporated in Illinois.

- Defendant ALG is incorporated in Canada.

- Defendant DLX is incorporated in California.

- Defendant PLI is incorporated in California.

- Defendant ACS is incorporated in New Jersey.

- Defendant UTC is incorporated in Florida.

Notice of Removal ¶¶ 2-9.

COSCO's averments regarding the citizenship of the parties is incomplete. For example, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2006); *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181 (2010). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" – what is referred to often as the corporation's "nerve center." *Hertz Corp.*, 130 S. Ct. at 1192.

Neither the complaint nor the notice of removal indicates the principal place of business for any of the purported corporations in this case. Furthermore, based on the names of the defendants, it is clear that only four of them are actually corporations – ALG Global Logistics, Inc., PLI Logistics, Inc., COSCO Container Lines America, Inc., and UTC Overseas, Inc. At least one defendant, Machinery Management, LLC, appears to be a limited liability company ("LLC") rather than a corporation. Unlike corporations, LLCs are deemed to be citizens of all of the states of which their members are citizens. *See Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000). There are no allegations in the complaint or in the notice of removal regarding the citizenship of Machinery Management, LLC's members. COSCO's mischaracterization of Machinery Management's form of organization calls into question the proper characterization of the remaining two defendants, ACS Lines and DLX Services, as corporations.

The averments discussed above regarding the citizenship of the parties are incapable of establishing the Court's subject-matter jurisdiction and, by themselves, may provide sufficient grounds for remand. *Cf. U.S. Advisor, LLC v. Berkshire Property Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206 (D. Colo. July 10, 2009) (remanding case where citizenship of the parties could not be ascertained). However, the notice of removal raises other, independent grounds for remand.

There is a divergence of opinion among the circuits regarding the treatment under § 1332(a) of Lloyd's of London syndicates like the plaintiff. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:328.2 (nat'l ed. 2009). In this circuit, a Lloyd's syndicate is regarded as an

4

alien corporation, incorporated under the laws of England with its principal place of business in London, England. *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1002-03 (10th Cir. 2005).

Plaintiff is not the only alien in this litigation. Although COSCO has not accounted fully for the citizenship of defendant ALG Global Logistics, Inc., the notice of removal describes the entity as being incorporated in Canada. Therefore, ALG Global Logistics, Inc. is a citizen of Canada. *JPMorgan Chase Bank v. Traffic Stream (BVI)*, 536 U.S. 88, 91 (2002) ("A corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State." (quotation marks omitted)). Furthermore, for jurisdictional purposes, ALG Global Logistics, Inc. will maintain its alien citizenship regardless of the location of its principal place of business. *See Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1234 (D. Colo. 2009) (listing cases); *cf. Standard Bank PLC v. Vero Ins. Ltd.*, No. 08-cv-02127-PAB-KLM, 2009 WL 4730474 at *6-7 & n.4 (D. Colo. Dec. 7, 2009) (discussing citizenship of alien corporations).

Therefore, this case consists of a lone alien plaintiff against a combination of an alien defendant and domestic defendants. Federal district courts do not have diversity jurisdiction over such cases. *See Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1345 (10th Cir. 2000) (courts interpreting § 1332(a)(2) require "United States citizens on both sides of an action between foreign citizens"); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004) ("complete diversity" was lacking where aliens were on both sides of a case without United States citizens also on both sides).

In summary, the removing defendant, COSCO Container Lines America, Inc., has made deficient allegations regarding the citizenship of the parties to this case. It, therefore, has failed to meet its burden in establishing that this Court has subject-matter jurisdiction over this action. COSCO instead has demonstrated that the parties in this case are incapable of achieving the diversity of citizenship required by § 1332(a). Because there is no other basis for this Court's jurisdiction, the case must be remanded to state court. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245-46 (10th Cir. 2005). Therefore, it is

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Pueblo County, Colorado, where it was originally filed as Case No. 2010CV404.

DATED April 26, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge